# Wheeling.

## STATE OF WEST VIRGINIA *v.* ELIHU GREGG.

Decided December 18, 1880.

1880
Special Term.

State of West
Virginia
v.
Elihu Gregg.

1. As the statute of limitations stood in regard to the granting of the writ of error at the time the prisoner petitioned the court for it, the right to petition was barred, and the writ was therefore improvidently granted.

Writ of error and *supersedeas* to a judgment of the of the circuit court of the county of Preston, rendered on the 17th day of October, 1879, in a case in which The State of West Virginia was plaintiff and Elihu Gregg was defendant, allowed upon the petition of said defendant.

Hon. John A. Dille, late judge of the circuit court of the county of Preston, rendered the judgment complained of.

The facts of the case are sufficiently stated in the opinion of the court.

*John J. Jacob*, for plaintiff in error, cited the following authorities:

4 Leigh 683; Code, ch. 145, § 4; 10, Gratt. 708; 1 Swan. (Tenn.) 160; 2 Brevord 487; 2 McCord 257; 4 W. Va. 178; Const. U. S. Am. 6; Const. W. Va. (1863) Art. II. § 8; Code, ch. 158, § 1; 1 Green. Ev. §§ 237, 238, 240 and notes; 1 Bish. Crim. Pro. § 1118 and notes.

1880
Special Term.

State of West
Virginia
v.
Elihu Gregg.

*B. B. Dovener,* for plaintiff in error.

*Robert White,* for defendant in error, cited the following authorities:

Acts 1872-3, ch. 175, §§ 3, 6; Acts 1877, ch. 44, p. 52; Code, ch. 160, §§ 3, 6; Code, Va. 745; Code, ch. 135, § 2; Const. Art. VIII, § 3; 3 Call 469; 2 Call 497; 1 Call 168; 1 H. & M. 420; 2 Munf. 242; 2 Rob. 582; 6 Munf. 452; 3 Munf. 202; *Id.* 495; 5 Munf. 276; 7 Gratt. 233; 8 Gratt. 555; 1 Gratt. 294; 5 Gratt. 201; 2 Salk. 504; 2 Show. 85, 98; 6 Mod. 130; 2 Va. Cas. 30, 32; 1 Wash. 118; 2 Wash. 163; 8 Otto 398; 5 Ohio 553; 1 Pet. 492; 5 Cranch 281; 15 W. Va. 208; 4 Dal. 372; 7 Wall. 597; 5 Wall. 504; 42 Me. 429; 12 Ia. 282; 2 Doug. (Mich.) 197; Code, p. 720, § 19; *Id.* p. 721, § 2; *Id.* p. 722, §§ 3, 8, 10, 11; Stephens Com. 470; *Id.* 461; 7 Gratt. 233; 2 W. Va. 575; 7 Pet. 222; 8 Gratt. 662; 9 Gratt. 738; 3 Gratt. 565; 20 Gratt. 724; 21 Gratt. 846; 9 W. Va. 649; 3 W. Va. 706; 21 Am. Rep. 745; Code. p. 721, § 23; Math. Cr. Dig. 268 and cases cited; 10 Gratt. 658; 2 Va. Cas. 88; 8 Leigh 364; 10 Ia. 226; 1 Greenl. § 244; 15 Jur. 1117; 3 Barb. Chy. 528; 29 Barb. 622; 11 Ga. 253; 28 Ga. 576; 10 Har. 94.

MOORE, JUDGE, delivered the opinion of the court:

At the August term, 1869, this Court, upon a writ of error, reversed the judgment rendered against said Gregg in this case, on the 21st day of July, 1869, by the circuit court of Preston county, and remanded the cause for a new trial to be had. The case is reported in 3 W. Va., 705. A new trial was had in said circuit court, and upon a verdict of guilty rendered by a jury against the said Gregg, upon the charge of arson contained in the indictment, the said circuit court again gave judgment, and sentenced said Gregg on the 21st day of October, 1869, to be executed, by being hanged by the neck until dead, which sentence was to be carried

out January 28, 1870. Before the day of execution Gregg escaped prison, and was afterwards surrendered by the Executive of Pennsylvania to the authorities of this State, and subsequently, on the 17th day of October, 1879, said Gregg was again brought before said circuit court, and being indentified, the said circuit court "directed, ordered and commanded" the sheriff of said county to execute, on the 6th day of February, 1880, the said "order, judgment and sentence of death so pronounced on the said 21st day of October, in the year 1869, in all respects as is directed thereby, and otherwise as is in such case directed by law."

Upon the petition of said Gregg a writ of error and *supersedeas* was granted him by this court, December, 1879, to the said judgment of October, 1869, for errors apparent upon the face of the record, sufficient to have reversed said judgment. But we are met by the motion on the part of the State to quash the said writs, because improvidently awarded, and to dismiss the petition of said Gregg, because his right to obtain said writ of error was barred by Acts 1877, ch. 44, sec. 3, which enacts that: "No petition shall be presented for an appeal from, or writ of error or supersedeas to any judgment, decree or order, whether the State be a party thereto or not, which shall have been rendered or made more than five years before such petition is presented," &c. That act was passed February 16, 1877, and took effect at the expiration of ninety days after its passage.

Under the Code of 1868-9, there was no statute of limitations as to writs of error in criminal cases. (See Code W. Va. 1868-9, ch. 160, secs. 3, 6). Consequently at the time of the judgment and sentence against Gregg before his escape, viz: October 21, 1869, there was no statute of limitation existing as to the time he should apply for a writ of error to that judgment and sentence.

The ninth clause of sec. 1, ch. 44, of Acts 1877, allows the writ of error from a judgment to the Supreme Court, "in any criminal case where there has been a

conviction in a circuit court," &c. The authorities produced by the Attorney General are conclusive to my mind, first, that the judgment to which said Gregg should have obtained the writ of error and *supersedeas* was that rendered against him October 21, 1869; because it was the judgment based upon his conviction, and was such a conclusion and sentence of the law passed by the court, upon, what the court believed to be, facts found or admitted in the course of the proceedings against the prisoner, which brought it within the definition of a judgment, (Archbold's Crim. Prac. and Plead. 578, note 1,) so as to be tested as such under a writ of error.

There being but the one judgment, in the true sense of the term, all that the circuit court could do after his return from the escape was to identify him as the person upon whom said judgment had been pronounced, and then direct and order the sheriff to execute the judgment and sentence, so rendered against him, within a certain time.

The Code afforded the prisoner a remedy at the time of his conviction by writ of error. He did not avail himself of it; but after his return from escape he made his application, and is now met by the act of 1877, cited, presenting the limitation. The Legislature can always control the remedies; and the statute of limitation existing at the time the petition is presented, if constitutional, controls, and the court of last resort is governed thereby; and if the statute then existing properly debars the granting of the writ, the writ should be refused, and the prisoner must look to executive clemency, or legislative intervention to relieve against manifest error. It is truly said: "All statutes of limitations also must proceed on the idea that the party has had opportunity to try his right in the courts. A statute which should bar the existing right of claimants without affording this opportunity, after the time when the statute should take effect, would not be a statute of limitations, but an unlawful attempt to extinguish rights, whatever it might

purport to be by its terms. It is essential that they allow a reasonable time after they are passed for the commencement of suits upon existing causes of action; though what shall be considered a reasonable time must be determined by the Legislature, into the wisdom of whose decision in establishing a legal bar it does not pertain to the jurisdiction of the courts to enquire." Cooley's Con. Lim., 366-7, and authorities there cited.

Applying these principles to the case before us, we are forced to dismiss the petition of the prisoner. Section 3, chapter 17, Acts 1872-3, approved December 21, 1872, gave the limitation after final judgment in such cases "to five years before the petition is presented," which act took effect on the 31st day of December, 1872, thus giving ten days time before it went into force after its approval. But at that time the prisoner even under that act would have had nearly two years within which to have presented his petition for the writ of error before being barred by the statute; but at the time he did petition he would have been barred by the said act of 1872, if then in force, and certainly by the act of 1877, which was amendatory of the act of 1872. Under the authority just quoted from Judge Cooley, as that amendatory act did not take effect until ninety days after its passage, it was constitutional, and obligatory on the court, and consequently, notwithstanding there are manifest errors in the record, this Court cannot consider and relieve against them, but must hold that the writ of error was improvidently awarded, because not petitioned for within the time required by statute. Therefore the motion to set aside the order granting the writ of error as improvidently awarded, and to dismiss the petition, must be sustained.

THE OTHER JUDGES CONCURRED.

PETITION DISMISSED.